869 P.2d 227

**STATE of Idaho, Plaintiff–Real Party in Interest–Respondent,**

v.

**Joe "Baby" Bernal, Defendant,**

**and**

**STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE, Real Party in Interest–Appellant.**

**No. 20176.**

Supreme Court of Idaho,
Boise, December 1993 Term.

Jan. 14, 1994.

Larry EchoHawk, Atty. Gen., Boise, and Craig G. Bledsoe, Caldwell, for appellant. Craig G. Bledsoe argued.

Larry EchoHawk, Atty. Gen., and Jean R. Uranga, Boise, for respondent. Jean R. Uranga argued.

PER CURIAM.

# I

## BACKGROUND AND PROCEDURE

On May 14, 1991, Joe "Baby" Bernal ("Bernal") broke into the home of a neighbor, struck her in the face with his fist, demanded that she give him money, and threatened to kill her. The victim escaped to a nearby house and called the police. When she returned to her home, accompanied by the police, she discovered that a microwave oven was missing.

Although Bernal was a juvenile at the time of the offense, he was charged as an adult under the automatic waiver provision of the Youth Rehabilitation Act. I.C. § 16–1806A. On September 6, 1991, the district court "sentenced the defendant to the custody of the Department of Health and Welfare ("the Department") for placement in a secure facility for a minimum determinate sentence of eighteen (18) months ... and a subsequent indeterminate period of custody not to exceed eighteen (18) months, for a total aggregate term of three (3) years."

On June 25, 1992, the Department issued an order of change of disposition, removing Bernal from the secure juvenile facility and placing him with the Department's Region III director, in Caldwell, Idaho. After a show cause hearing, the district court quashed the Department's order. The Department appeals from the district court's order.

# II

## ANALYSIS

The Department alleges that the district court's original sentence was illegal, and that it should not have been ordered to keep Bernal at the secure facility for a fixed period of time. The Department asserts as its only grounds for appeal I.A.R. 11(c)(9), which provides:

**Rule 11. Appealable judgments and orders**—An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:

. . . .

(c) Criminal Proceedings. From the following judgments and orders of the district court in a criminal action, whether or nor the trial court retains jurisdiction:

. . . .

(9) Any order made after the judgment affecting the substantial rights of the defendant or the state.

The reference in I.A.R. 11(c)(9) to "the state" refers to the state as that entity which is the plaintiff in all criminal actions, "the people of the State of Idaho." To hold that any subdivision of state government is provided an independent basis for appeal under

I.A.R. 11(c)(9) urges a meaning which is contrary to both the plain meaning and intent of that Rule. I.A.R. 11(c)(9) provides no basis upon which the Department can appeal the district court's order to this Court. Accordingly, this appeal is *dismissed.*